IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REGINALD TURNER §
§
Plaintiff, §
§
VS. § NO. 3-08-CV-0565-L
§
PARKLAND HOSPITAL §
§
Defendant. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Reginald Turner, a former inmate at the Dallas County Jail, challenging the quality of his medical care while incarcerated in that facility. On April 2, 2008, plaintiff tendered a two-page civil rights complaint and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. The interrogatories were mailed to plaintiff, who had been transferred to the Panola County Detention Center,[1] on May 2,

---

[1] On April 3, 2008, plaintiff notified the court that he had been transferred from the Dallas County Jail to the Panola County Detention Center in Carthage, Texas. (*See* Doc. #6).

2008. Twelve days later, on May 14, 2008, the unopened envelope containing the interrogatories was returned to the clerk with the notation, "Return to Sender. No Longer at this Address." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff at the Panola County Detention Center. However, plaintiff is no longer incarcerated at that facility and has not provided the court with his current address. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (Godbey, J.) (dismissing complaint for failure to provide court with current address).[2]

---

[2] The court notes that a prior civil rights action brought by plaintiff also was dismissed after he failed to notify the court of his current address. *See Turner v. Garland Police Dept.*, No. 3-07-CV-0995-N (N.D. Tex. Aug. 10, 2007).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE